JOSEPH SPATOLA, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 100815. Promulgated March 25, 1941.

*Charles M. Trammell, Jr., Esq.*, for the petitioner.
*Bernard D. Daniels, Esq.*, for the respondent.

OPINION.

SMITH: The question presented by this proceeding is whether there shall be included in the net income of the petitioner for the period October 1 to December 31, 1936, his proportionate share of the profits of the partnership of Felix Spatola & Sons for the entire calendar year 1936. The petitioner admits that no part of such profits was included in his return filed for the fiscal year ended September 30, 1936. He argues, however, that the profits of the partnership were nearly all earned during the first nine months of the calendar year and that the profits for the last three months of the calendar year were only trivial and that his share of such part of the profits was only a few hundred dollars, which he claims is all that should be included in the short return.

Section 181 of the Revenue Act of 1936 provides that "Individuals carrying on business in partnership shall be liable for income tax only in their individual capacity."

Section 182 provides:

There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year.

Section 188 provides:

If the taxable year of a partner is different from that of the partnership, the distributive share of the net income of the partnership to be included in computing the net income of the partner for his taxable year shall be based upon the net income of the partnership for any taxable year of the partnership (whether beginning on, before, or after January 1, 1936) ending within the taxable year of the partner.

Section 47 provides in material part as follows:

SEC. 47. RETURNS FOR A PERIOD OF LESS THAN TWELVE MONTHS.

*    *    *    *    *    *    *

(b) INCOME COMPUTED ON BASIS OF SHORT PERIOD.—Where a separate return is made under subsection (a) on account of a change in the accounting period, and in all other cases where a separate return is required or permitted, by regulations prescribed by the Commissioner with the approval of the Secretary, to be made for a fractional part of a year, then the income shall be computed on the basis of the period for which separate return is made.

(c) INCOME PLACED ON ANNUAL BASIS.—If a separate return is made (except returns of the income of a corporation) under subsection (a) on account of a change in the accounting period, the net income, computed on the basis of the period for which separate return is made, shall be placed on an annual basis by multiplying the amount thereof by twelve and dividing by the number of months included in the period for which the separate return is made. The tax shall be such part of the tax computed on such annual basis as the number of months in such period is of twelve months.

Article 182–1 of Regulations 86, promulgated under the provisions of the Revenue Act of 1936, provides in material part as follows:

* * * The distributive share of the net income of the partnership which a partner is required to include in his return is his proportionate share of the net income of the partnership, either—

(a) For, the taxable year upon the basis of which the partner's net income is computed, or

(b) If the partner's net income is computed upon the basis of a taxable year different from that upon the basis of which the net income of the partnership is computed, for the taxable year of the partnership ending within the taxable year upon the basis of which the partner's net income is computed.

Under all of the income tax acts a partner has been held to be taxable upon his distributive share of the income from the partnership for its fiscal year ending within the partner's taxable year. *J. E. Asbury*, 4 B. T. A. 1244; *W. J. Woodruff*, 11 B. T. A. 477; *F. E. Malm*, 11 B. T. A. 859.

The petitioner argues that by being required to include in his income for the three-month period ended December 31, 1936, his share of the profits of the partnership for the calendar year he is being subjected to an intolerable burden and that it could not have been the intention of Congress to impose such burden upon him. He does admit, however, that if the tax is not computed as the respondent has computed it he will never be required to pay income tax upon his share of the partnership's earnings for the first nine months of 1936. His argument is, therefore, that there should be included in his income for the short period only the earnings of the partnership for the last three months of 1936, which he contends upon the basis of evidence submitted amounted to only a few hundred dollars.

It can not be denied upon the basis of the evidence submitted that the tax liability of the petitioner for the three-month period ended December 31, 1936, is high. It results, however, from a literal application of the language of the statute, which is unambiguous. If the fiscal year of the partnership of Felix Spatola & Sons had ended on January 31 instead of on December 31, no part of the profits of the partnership would have been included in the short return filed.

In support of his determination the respondent cites *Cohan* v. *Commissioner* (C. C. A., 2d Cir.), 39 Fed. (2d) 540, and *Harris* v. *Commissioner* (C. C. A., 2d Cir.), 39 Fed. (2d) 546. Both cases are in point, although they involved the provisions of a prior income tax act. In accordance with them and with the law and the Commissioner's regulations, the determination of the respondent is approved.

*Decision will be entered for the respondent.*