EDWARD T. AND BILLIE R. PRATT, ET AL.,[1] PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 8421-72—8423-72.    Filed May 8, 1975.

*James G. Vetter, Jr.,* for the petitioners.
*Richard D. Ames,* for the respondent.

OPINION

SCOTT, *Judge:* Respondent determined deficiencies in the Federal income taxes of petitioners for the years 1967 through 1969 in the following amounts:

| Petitioners | 1967 | 1968 | 1969 |
|---|---|---|---|
| Edward T. and Billie R. Pratt ___ | $133.22 | $3,348.92 | $3,553.27 |
| William D. and Anita Pratt_____ | 744.69 | 1,830.52 | 2,768.10 |
| Jack E. and Crystal A. Pratt ____ | 0 | 8,517.32 | 7,020.94 |

[1] Cases of the following petitioners are consolidated herewith: William D. and Anita Pratt, docket No. 8422-72; and Jack E. and Crystal A. Pratt, docket No. 8423-72.

The issue for decision is whether management fees for services performed by petitioners for, and interest earned on, loans made by petitioners to two limited partnerships, of which petitioners were general partners, are deductible by the partnerships, and, if so, whether these amounts are includable in the income of petitioners who report income on the cash basis in the year accrued and deducted as business expenses by the partnerships which report on an accrual basis, even though petitioners did not receive payment of the amounts in the years of accrual by the partnerships.

All the facts have been stipulated and are found accordingly.

Edward T. and Billie R. Pratt, husband and wife, who resided in Mineral Wells, Tex., at the time of the filing of their petition in this case, filed a joint Federal income tax return with the District Director of Internal Revenue at Austin, Tex., for each of the years 1967, 1968, and 1969. William D. and Anita Pratt, husband and wife, who resided in Mineral Springs, Tex., at the time of the filing of their petition in this case, filed a joint Federal income tax return for each of the years 1967, 1968, and 1969 with the District Director of Internal Revenue at Austin, Tex. Jack E. and Crystal A. Pratt, husband and wife, who resided in Dallas, Tex., at the time of the filing of their petition in this case, filed a joint Federal income tax return for each of the years 1968 and 1969 with the District Director of Internal Revenue at Austin, Tex.

On August 1, 1966, the husband-petitioners (hereinafter petitioners or Jack, Edward, and William) formed a limited partnership known as Parker Plaza Shopping Center, Ltd. (hereinafter Parker Plaza), for the purpose of the purchase, development, and operation of a shopping center in Mineral Wells, Tex. Petitioners were the general partners and as such managed the partnership in accordance with the provisions of the partnership agreement. During 1967, 1968, and 1969 Jack, Edward, and William held interests in the partnership of 16/100, 8½/100, and 2½/100, respectively. The remaining interest in the partnership was held by limited partners. The partnership agreement provided that "The Limited Partners shall take no part in the conduct or control of the Partnership business."

On March 1, 1968, Jack, Edward, and William formed a limited partnership known as Stephenville Shopping Center, Ltd.

(hereinafter Stephenville), for the purpose of the purchase, development, and rental of a shopping center in Mineral Wells, Tex. Petitioners were the general partners and as such managed the shopping center during 1968 and 1969 in accordance with the provisions of the partnership agreement. During the years 1968 and 1969 Jack, Edward, and William owned interests in the partnership of $19/70$, $9/70$, and $9/70$, respectively. The remaining interest in the partnership was held by limited partners. The Stephenville partnership agreement also contained a provision that the limited partners should take no part in the conduct or control of the partnership business.

Parker Plaza and Stephenville kept their books and filed their U.S. Partnership Returns of Income on an accrual basis of accounting. Each of petitioners kept his accounts and reported his income on the cash basis. Each of the partnerships and each of petitioners reported income for Federal tax purposes on the calendar year basis.

Each of the limited partnership agreements contained the following provisions:

Such General Partners shall contribute their time and managerial abilities to this partnership, and each such General Partner shall expend his best effort to the management of and for the purpose for which this partnership was formed. That for such managerial services and abilities contributed by the said General Partners, they shall receive a fee of five (5%) per cent of the Gross Base Lease Rentals of the said leases, and then the said General Partners shall receive ten (10%) per cent of all overrides and/or percentage rentals provided for in said leases as a fee for such managerial services.

   * * *

The General Partners shall give their personal services to the Partnership and shall devote thereto such time as they may deem necessary, without compensation other than the managerial fees as hereinbefore set out. Any of the Partners, General or Limited, may engage in other business ventures of every nature and description, independently or with others, * * *

The general partners had agreed that the management fees would be divided equally among the general partners who performed managerial services.

Petitioners contributed managerial services to the two partnerships and management fees were credited to accounts payable to them. These fees were accrued and deducted annually by each of the partnerships in the amounts and for the calendar years indicated below:

| | 1967 | Parker Plaza 1968 | 1969 | Stephenville 1968 | 1969 |
|---|---|---|---|---|---|
| Jack E. Pratt ___ | $1,701.15 | $1,999.13 | $2,279.81 | $1,053.06 | $1,386.80 |
| Edward T. Pratt_ | 1,701.15 | 1,999.13 | 2,279.81 | 1,053.06 | 1,386.80 |
| William D. Pratt | 1,701.15 | 1,999.12 | 2,279.80 | 1,053.05 | 1,386.79 |
| Total _____ | 5,103.45 | 5,997.38 | 6,839.42 | 3,159.17 | 4,160.39 |

The amount of management fees accrued by each of the partnerships in each of the years indicated is a reasonable and proper fee to pay for the services of managing a shopping center of the type of Parker Plaza and Stephenville. A like amount of fees would have had to have been paid to a third party, not a general partner, as a fee for managing the shopping centers had such shopping centers been managed by a third party.

These management fees were not paid to petitioners, and petitioners did not report their respective management fees on their respective income tax returns for the years 1967, 1968, and 1969.

On January 6, 1967, petitioners loaned funds to Parker Plaza in return for which Parker Plaza executed a promissory note, secured by a deed of trust, wherein the partnership agreed to repay the principal to the petitioners plus interest at the rate of 6 percent of the principal per annum without regard to partnership receipts or income.

Pursuant to the terms of this note, Parker Plaza became obligated to pay petitioners the following amounts as interest in the years indicated:

| | 1967 | 1968 | 1969 |
|---|---|---|---|
| Jack E. Pratt _____ | $4,024.04 | $4,811.89 | $6,274.36 |
| Edward T. Pratt _____ | 2,012.02 | 2,405.94 | 3,137.18 |
| William D. Pratt_____ | 670.67 | 801.98 | 1,045.72 |
| Total _____ | 6,706.73 | 8,019.81 | 10,457.26 |

In each of these years the partnership credited the interest as above indicated to the accounts payable to petitioners. Each of the partnerships accrued and deducted as interest expense in each of the years the amount of interest credited to petitioners to arrive at its net partnership income. The interest was not paid to petitioners and petitioners did not report their respective interest income on their respective income tax returns for the years 1967, 1968, and 1969.

On December 13, 1968, petitioners loaned funds to Stephenville, in return for which Stephenville executed a promissory note

whereby the partnership agreed to repay the petitioners the principal with interest at the rate of 6 percent of the principal per annum without regard to the partnership receipts or income.

Pursuant to the terms of this note, Stephenville became obligated to pay the following amounts to petitioners in 1968 and 1969:

|  | 1968 | 1969 |
|---|---|---|
| Jack E. Pratt _____ | $960.07 | $1,324.89 |
| Edward T. Pratt_____ | 480.03 | 662.44 |
| William D. Pratt _____ | 160.01 | 220.81 |
| Total_____ | 1,600.11 | 2,208.14 |

Stephenville accrued and deducted as interest expense the total amount of the interest which it became obligated to pay petitioners for each of the years 1968 and 1969 in arriving at net partnership income, and credited these amounts to accounts payable to petitioners. The interest was not paid to petitioners and petitioners did not report their respective interest income on their respective returns for the years 1968 and 1969.

Petitioners could have legally caused the two partnerships to pay the management fees and interest to them had they chosen to do so.

It was the intent of all the partners in Parker Plaza and Stephenville that the management fees and interest were to be expenses to the partnerships.

In his notice of deficiency mailed to each petitioner, respondent increased the income of each of them for each of the years 1968 and 1969 and each of them except Jack for 1967 by amounts equal to his portion of management fees and by the amounts of interest credited to his account by each partnership with the following explanation:

It is determined that in computing the ordinary net income of the partnerships Plaza Shopping Center, Ltd. and Stephenville Shopping Center, Ltd. claimed management fees and interest are not allowed, such amounts being determined a division of partnership profits. Accordingly, your distributive share of the partnerships income is increased for 1967, 1968, and 1969 * * *

If it is ultimately determined that the management fees and interest were guaranteed payments, you must include them on your 1967, 1968, and 1969 returns as ordinary income * * *

Petitioners stated that without question each of the partnerships could accrue and deduct the amounts of management fees and interest credited to petitioners' accounts

had the amount been due and credited to third parties rather than partners, citing *Liflans Corp. v. United States,* 390 F. 2d 965 (Ct. Cl. 1968), and that such third parties would not be required to include these amounts in their income if they reported their income on a cash basis until the amounts were actually or constructively received by them. Petitioners point out that the partnership statutes in subchapter K of the 1954 Code contain no provision analogous to section 267, I.R.C. 1954,[2] which disallows deduction to a corporation of accrued, but unpaid business expenses which are owed to certain related cash basis taxpayers unless payment is made within $2\frac{1}{2}$ months after the close of the corporation's taxable year. See sec. 267(a)(2). Petitioners further argue that even were the provisions of section 267 applicable to partnerships they would not qualify as related taxpayers under the provisions of section 267 since they did not own over a 50-percent interest in either partnership. Petitioners suggest that if we do not accept the position that the partnerships are entitled to deduct the accrued management fees and interest expense and petitioners are not for that reason required to include these amounts in their incomes for the years in which the partnerships take the deduction, then, rather than including the items in the incomes of each petitioner, the basis of each one's partnership interest should be decreased to the extent of the accrued fees and interest as provided in section 1.267(b)-1(b)(2), *example (1),* Income Tax Regs.[3]

We agree with petitioners that section 267 is applicable only to corporations. For that reason it has no application here, which disposes of petitioners' suggestion that we apply the provisions of section 1.267(b)-1(b)(2), Income Tax Regs., if we hold adversely to their primary contention in this case. However, the fact that section 267 does not apply to partnerships does not result in the conclusion that petitioners are entitled to treat the management fees and interest amounts as if they were not partners of the partnership accruing and deducting those items. The statutory scheme contained in subchapter K provides that in specified circumstances a partnership be treated as an entity separate from its members. See *Jackson E. Cagle, Jr.,* 63 T.C. 86, 94 (1974).

---

[2] All statutory references are to the Internal Revenue Code of 1954 unless otherwise indicated.

[3] Petitioners quote this example in their brief, underscoring the last sentence which states: "Furthermore, A's adjusted basis for his partnership interest must be decreased by the amount of his distributive share of such deductions. See section 705(a)(2)."

However, a partnership is under subchapter K, as it was prior to the enactment of the 1954 Code, not a separate taxable entity subject to Federal income tax but the partners must include their distributive share of the partnership profits or losses in their income in computing their Federal income tax. Secs. 701 and 702. These provisions of subchapter K considered in the light of its legislative history show that whether the partnership is for a specific purpose considered as an aggregate of its partners or an entity is governed by the statutory provisions with the aggregate treatment prevailing as under prior law except where the statute provides otherwise. H.Rept. No. 1337, to accompany H.R. 8300 (Pub.L. No. 591), 83d Cong., 2d Sess., pp. 65-68 (1954), and S. Rept. No. 1622, to accompany H.R. 8300, 83d Cong., 2d Sess., pp. 89-94 (1954). Section 707(a) provides that if a partner engages in a transaction with a partnership other than as a partner the transaction shall, except as otherwise provided, be treated as occurring between the partnership and one who is not a partner, and section 707(c)[4] provides that payments to a partner for services or the use of capital, if fixed without regard to the income of the partnership, are to be considered as made to one not a member of the partnership, but only for the purpose of including such amounts in the recipient's gross income and of allowing a business expense deduction to the partnership.

Petitioners contend that the management fees credited to them fall within the provisions of either 707(a) or 707(c) and under either section are properly deductible by the partnership but not includable in their income for the years accrued by the partnership and credited to their accounts. Petitioners point to no provisions of the statute other than sections 707(a) and 707(c) under which management fees to partners for services to the partnership might be treated differently than such items were treated under the law prior to the enactment of the 1954 Code.

---

[4] SEC. 707. TRANSACTIONS BETWEEN PARTNER AND PARTNERSHIP.

(a) PARTNER NOT ACTING IN CAPACITY AS PARTNER.—If a partner engages in a transaction with a partnership other than in his capacity as a member of such partnership, the transaction shall, except as otherwise provided in this section, be considered as occurring between the partnership and one who is not a partner.
* * *
(c) GUARANTEED PAYMENTS.—To the extent determined without regard to the income of the partnership, payments to a partner for services or the use of capital shall be considered as made to one who is not a member of the partnership, but only for the purposes of section 61(a) (relating to gross income) and section 162(a) (relating to trade or business expenses).

Prior to the enactment of the provisions of section 707 of the 1954 Code, credits or payments to a partner for services, whether designated as fees or as salary, were not deductible by the partnership in computing the partnership income but were considered as part of the distributive share of partnership income of the partner to whom the credit or payment was made pursuant to the partnership agreement. *Frederick S. Klein,* 25 T.C. 1045 (1956). Therefore, if the management fees credited to petitioners do not qualify as transactions between a partner and a partnership, covered by section 707(a) or as guaranteed payments under section 707(c), they are part of the partners' distributive income from the partnership, includable in their distributive shares of profit or loss under section 706 for their taxable year in which the taxable year of the partnership ends and not proper deductions by the partnership in computing distributive partnership income.

In our view the management fees credited to petitioners were not "guaranteed payments" under section 707(c) even though, for reasons hereinafter discussed, we would not agree with petitioners' position that they were not required to include the amounts of the fees in their income for the years here in issue even if they were to be so considered.

Section 707(c) refers to payments "determined without regard to the income." The parties make some argument as to whether payments based on "gross rentals" as provided in the partnership agreements should be considered as payments based on "income." In our view there is no merit to such a distinction. The amounts of the management fees are based on a fixed percentage of the partnership's gross rentals which in turn constitute partnership income. To us it follows that the payments are not determined without regard to the income of the partnership as required by section 707(c) for a payment to a partner for services to be a "guaranteed payment."

Since we conclude that the management fees are not guaranteed payments under section 707(c), we must decide whether the provisions for such fees in the partnership agreement might be considered as a "transaction" engaged in by petitioners with the partnership in a capacity other than as a partner within the meaning of section 707(a). Initially, it might be noted that since section 707(c) deals specifically with continuing payments to a partner for services such as salary payments or the manage-

ment fees here in issue, it is far from clear that such continuing payments were ever intended to come within the provisions of section 707(a). Section 707(a) refers to "transactions" between a partner and a partnership and is susceptible of being interpreted as covering only those services rendered by a partner to the partnership in a specific transaction as distinguished from continuing services of the partner which would either fall within section 707(c) or be in effect a partner's withdrawal of partnership profits. See *F. A. Falconer*, 40 T.C. 1011, 1015 (1963), where we stated as follows with respect to section 707(c):

Section 707(c) has no counterpart in the Internal Revenue Code of 1939. It initially appeared in the Internal Revenue Code of 1954. Since we have been unable to locate in our research any court decisions pertaining directly to the issue here presented, we approach the problem as one of first impression. But compare *Foster* v. *United States*, (S.D.N.Y. 1963, 12 A.F.T.R. 2d, par. 63-5058, 63-2 U.S.T.C. par. 9588). The legislative history of section 707(c) reveals that it was specifically intended to require ordinary income treatment to the partner receiving guaranteed salary payments and to give a deduction at the partnership level.[3]

The touchstone for determining "guaranteed payments" is whether they are payable without regard to partnership income. And, in determining whether in a particular case an amount paid by a partnership to a partner is a "drawing" or a "guaranteed payment," the substance of the transaction, rather than its form, must govern. See sec. 1.707-1(a), Income Tax Regs. These are both factual matters to be judged from all the circumstances.

[3] S.Rept. No. 1622 to accompany H.R. 8300, 83d Cong., 2d sess., p. 387 (1954), contains the following explanation:

"Subsection (c) provides a rule with respect to guaranteed payments to members of a partnership. A partner who renders services to the partnership for a fixed salary, payable without regard to partnership income, shall be treated, to the extent of such amount, as one who is not a partner, and the partnership shall be allowed a deduction for a business expense. The amount of such payment shall be included in the partner's gross income, and shall not be considered a distributive share of partnership income or gain. A partner who is guaranteed a minimum annual amount for his services shall be treated as receiving a fixed payment in that amount."

However, we need not decide whether a continuing payment to a partner for services was ever contemplated as being within the provisions of section 707(a).

Section 1.707-1(a) of the Income Tax Regulations with respect to a "partner not acting in capacity as partner" states that "In all cases, the substance of the transaction will govern rather than its form." Here, the record indicates that in managing the partnership petitioners were acting in their capacity as partners. They were performing basic duties of the partnership business pursuant to the partnership agreement. Although we have been unable to find cases arising under the 1954 Code concerning

when a partner is acting within his capacity as such, a few cases arising under the provisions of the 1939 Code dealt with whether a payment to a partner should be considered as paid to him in a capacity other than as a partner. See *Leif J. Sverdrup*, 14 T.C. 859, 866 (1950); *Wegener v. Commissioner*, 119 F. 2d 49 (5th Cir. 1941), affg. 41 B.T.A. 857 (1940), cert. denied 314 U.S. 643 (1941). In *Wegener*, a joint venture was treated as a partnership for limited purposes, and the taxpayer-partner was found to be acting outside the scope of his partnership duties and in an individual capacity as an oil well drilling contractor, so that payments he received from the "partnership" for carrying out this separate and distinct activity were income to him individually as if he were an outsider. In the *Sverdrup* case, we recognized a payment to a taxpayer by a joint venture between a partnership of which the taxpayer was a member and a third party as compensation for work done on contracts being performed by the joint venture since "This sum was not a part of the income of the partnership of which he was a member, but was paid to him as an individual for services rendered to the joint venture."

Petitioners in this case were to receive the management fees for performing services within the normal scope of their duties as general partners and pursuant to the partnership agreement. There is no indication that any one of the petitioners was engaged in a transaction with the partnership other than in his capacity as a partner. We therefore hold that the management fees were not deductible business expenses of the partnership under section 707(a). Instead, in our view the net partnership income is not reduced by these amounts and each petitioner's respective share of partnership profit is increased or loss is reduced by his credited portion of the management fees in each year here in issue. *Frederick S. Klein, supra*.

Respondent on brief argues that the interest accrued by the partnership on the promissory notes evidencing loans by each petitioner to the partnerships are "guaranteed payments" under section 707(c) includable in petitioners' income for the year accrued by the partnership under section 706(a) and section 1.707-1(c), Income Tax Regs.[5] Petitioners agree with respondent

[5] SEC. 706. TAXABLE YEARS OF PARTNER AND PARTNERSHIP.

(a) YEAR IN WHICH PARTNERSHIP INCOME IS INCLUDIBLE.—In computing the taxable income of a partner for a taxable year, the inclusions required by section 702 and

that under section 707(c) the interest on the notes are guaranteed payments but argue that these amounts are includable in their income only when received, and that the regulation making such payments includable in income by the partners in the year paid or accrued by the partnership (section 1.707-1(c), Income Tax Regs.), is "an overextension of Respondent's authority."

In our view respondent's regulation is a reasonable interpretation of section 707(c) and carries out the express intention of Congress as reflected in the legislative history of section 707(c). S. Rept. No. 1622, to accompany H.R. 8300 (Pub. L. No. 591), 83d Cong., 2d Sess. 387 (1954), states in part as follows:

It should be noted that such payments, whether for services or for the use of capital, will be includible in the recipient's return for the taxable year with or within which the partnership year in which the payment was made, *or accrued,* ends. [Emphasis supplied.]

This language leaves no doubt that Congress intended to foreclose the possibility that a partnership might accrue salary and interest expenses, which expenses would reduce each partner's distributive share of net partnership income or increase his loss therefrom, while the salaried partner might never receive the payments and therefore never include the amounts in income. As we pointed out in *Andrew O. Miller, Jr.,* 52 T.C. 752, 762 (1969):

These words ["but only for the purposes of section 61(a) * * * and section 162(a) * * *"] were added to section 707(c) by the Senate which at the same time also amended section 706 to provide that guaranteed payments received by a partner are to be included in his income for his taxable year in which the partnership's taxable year ends. In connection with section 707(c), the Senate committee

---

section 707(c) with respect to a partnership shall be based on the income, gain, loss, deduction, or credit of the partnership for any taxable year of the partnership ending within or with the taxable year of the partner.

Sec. 1.707-1(c), Income Tax Regs., states in part:

(c) *Guaranteed payments.* Payments made by a partnership to a partner for services or for the use of capital are considered as made to a person who is not a partner, to the extent such payments are determined without regard to the income of the partnership. However, a partner must include such payments as ordinary income for his taxable year within or with which ends the partnership taxable year in which the partnership deducted such payments as paid or accrued under its method of accounting. See section 706(a) and paragraph (a) of § 1.706-1. Guaranteed payments are considered as made to one who is not a member of the partnership only for the purposes of section 61(a) (relating to gross income) and section 162(a) (relating to trade or business expenses). * * *

report indicates that the reason for the change was to provide that guaranteed payments are to be included in income at the same time as a partner's distributive share—not at the time when compensation would ordinarily be included in income. This is the only example in the legislative history of the need for the "but only" words.

See also *Thomas Browne Foster,* 42 T.C. 974, 980 (1964). In our view, section 1.707-1(c), Income Tax Regs., is valid and in accordance with the provisions of section 707(c).

*Decisions will be entered for the respondent.*